OPINION
{¶ 1} Respondent-appellant, Tommy Coogan, appeals a decision of the Clermont County Court of Common Pleas granting a stalking civil protection order prohibiting him from contact with petitioner-appellee, Christina Henry, and her minor son.
 {¶ 2} According to Henry, appellant and Brandon Dietrich are close friends. Henry stated that on September 10, 2001, Dietrich brutally beat her son, causing severe injury, while appellant watched. She further testified that Dietrich pled to felonious assault, and a restraining order was issued ordering him to stay away from her son.
 {¶ 3} Essentially, Henry alleged that appellant was harassing and menacing her son in retaliation for Dietrich's conviction. Henry testified that there was an incident where her son was fishing at a lake and called her for help when he felt threatened because Dietrich and appellant were also at the lake. Appellant claimed that he had been at the lake fishing all day and that he was not following or threatening Henry's son. The police were called to the lake to investigate the incident.
 {¶ 4} Henry testified that after the fishing lake incident there were several instances where appellant slowly drove by her house, which is close to the road. She further testified that on two occasions appellant completely stopped in front of her house and revved the engine of his car to get the attention of the people inside the house. Henry stated that she saw appellant and Dietrich when they turned on the interior light in the car. She called the police to report this behavior.
 {¶ 5} The trial court found that the fishing lake incident alone was insufficient to prove a pattern of conduct. However, the court found that appellant's driving by and stopping in front of Henry's house on more than one occasion for the purpose of causing emotional distress was sufficient to show a pattern. The court found that, considering the history between Henry's son, Dietrich, and appellant, it was a reasonable inference that appellant was trying to impart a message of fear to Henry and her son, and that appellant's acts caused Henry emotional distress. The trial court granted a civil stalking protection order requiring appellant to remain 500 or more yards away from Henry, her son, and their residence.
 {¶ 6} Appellant now appeals the trial court's decision to grant the civil stalking protection order and raises two assignments of error.
Assignment of Error No. 1
 "THE TRIAL COURT ERRED BY NOT PROVIDING APPELLANT A PROPER HEARING PURSUANT TO THE STATUTE AND DUE PROCESS WITHIN ACCEPTED STANDARDS FOR NOTICE AND HEARING."
Assignment of Error No. 2
 "THE TRIAL COURT ERRED WHEN IT ISSUED IT'S [SIC] PRO TECTIVE ORDER BASED ON INSUFFICIENT EVIDENCE AND AGAINST THE MANIFEST WEIGHT OF EVIDENCE."
 {¶ 7} In his first assignment of error, appellant contends that he was deprived of due process because the trial court did not reasonably confine Henry to the pleadings. Appellant also argues that the incidents relied upon by the trial court were not specifically alleged in the petition and therefore could not be used as the basis for the protection order.
 {¶ 8} R.C. 2903.214 provides for the issuance of protection orders for persons who are victims of menacing by stalking. A victim may obtain an ex parte order after showing of good cause, such as an immediate and present danger to the person to be protected by the order. R.C.2903.214(D)(1). If a court issues an ex parte protection order, it must schedule a full hearing within ten days of the ex parte hearing. R.C.2903.214(2)(a). The respondent must be given notice of and an opportunity to be heard at the full hearing. Id.
 {¶ 9} In this case, Henry filed a petition for a stalking civil protection order on April 11, 2002. An ex parte hearing was held and a protection order issued on April 12, 2002. A full hearing was set for April 24, 2002, and appellant received notice of the hearing. In her petition, Henry sought protection for her son, alleging that appellant was "stalking him for a friend (Brandon Dietrich) who beat my son * * *." The petition also alleges that she called the police three times to report the alleged stalking.
 {¶ 10} Appellant argues that his due process rights were violated because the petition completed by Henry did not include the specific instances found by the trial court to constitute stalking. The essential elements of due process are notice and an opportunity to respond. Lindsayv. Jackson (Sept. 8, 2000), Hamilton App. Nos. C-990786, A-9905306. "The notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." Id.
 {¶ 11} In this case, we find appellant's due process rights were not violated because he had reasonable notice of the claims against him. Appellant was given notice of the full hearing within the statutory time frame. Although the pleadings did not precisely define each and every instance of stalking alleged against appellant, they were sufficient to inform him that he was alleged to have engaged in a pattern of conduct that amounted to stalking in regard to Henry's son.
 {¶ 12} Furthermore, to the extent that the Civil Rules of Procedure apply to civil protection orders, see R.C. 2903.214(D)(3);Snyder v. Snyder (Aug. 15, 1995), Ross App. No. 94 CA 2068; Skiles v.Dearth (Dec. 15, 2000), Clark App. Nos. 2000-CA-30, 00-DR-0252, Civ.R. 15(B) provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they are treated as if they had been raised in the pleadings. In this case, although he had an obligation to do so, appellant did not object to questioning regarding the incidents of driving by and stopping in front of the house, nor did he request a continuance in order to prepare to defend against this testimony. See Lewis v. Wal-Mart, Inc. (Aug. 12, 1993), Franklin App. No. 93AP-121; R.C. 2903.214(D)(2).
 {¶ 13} Accordingly, we find that appellant's due process rights were not violated by the admission of testimony regarding the driving incidents. In addition, the trial court did not err in relying on these incidents as the basis for finding that appellant's conduct constituted stalking. Appellant's first assignment of error is overruled.
 {¶ 14} In his second assignment of error, appellant challenges the sufficiency and weight of the evidence used to support the protection order. Issuance of a protection order pursuant to R.C. 2903.214 requires the petitioner to establish that the respondent engaged in conduct constituting menacing by stalking. R.C. 2903.214(C)(1).
 {¶ 15} Menacing by stalking is defined as "engaging in a pattern of conduct" which "cause[s] another to believe that the offender will cause serious physical harm to the other person or cause mental distress to the other person." R.C. 2903.211(A). A preponderance of the evidence standard applies to the granting of a stalking civil protection order.Lindsay v. Jackson (Sept. 8, 2000), Hamilton App. Nos. C-990786, A-9905306; Mann v. Sumser, Stark App. No. 2001CA00350, 2002-Ohio-5103.
 {¶ 16} Although appellant's assignment of error mentions both sufficiency of the evidence and manifest weight, appellant's arguments involve only the concept of the sufficiency of the evidence. Appellant argues that the evidence was insufficient to show that he caused Henry or her son mental distress or to believe that they would be physically injured.
 {¶ 17} The evidence presented, while not overwhelming, was sufficient to establish by a preponderance of the evidence that appellant's actions caused Henry mental distress and caused her to believe that her son would be physically injured. It is apparent from the transcript that Henry was distraught over appellant's actions. Considering the fact that appellant was present while his friend brutally beat her son, appellant's continued actions caused Henry to fear that appellant would cause physical harm to her son.
 {¶ 18} Appellant argues that there is no evidence that Henry's son was mentally distraught or believed that appellant would harm him. However, the stalking civil protection order statute allows a person to seek relief for themselves or any other household member. R.C. 2903.214(C). In this case, Henry sought relief for her son, and the trial court found it appropriate to fashion an order protecting both Henry and her son.
 {¶ 19} Appellant argues that Henry testified that appellant did not cause her fear. However, the portion of the transcript appellant relies upon as support for this contention involves Henry's answer to a compound question that involved whether Henry herself was directly threatened. Henry was asked on cross-examination: [Appellant] hasn't caused you any distress by threatening you[,] has he? He hasn't threatened you, has he?" She responded negatively. A review of this exchange as a whole reveals only that appellant had not directly threatened Henry. The transcript as a whole does not support appellant's argument that he did not cause Henry mental distress. In addition, as mentioned above, the statute provides that a person may seek relief on behalf of a family member.
 {¶ 20} Finally, appellant argues that although the trial court found a pattern of conduct it did not find that he violated R.C. 2903.211, menacing by stalking. At the hearing, the trial court stated that it found "sufficient evidence to establish for purposes of a stalking, civil protection order a pattern of conduct that is stopping in front of her house on more than one occasion that was causing her to have emotional distress as a result of that." In its entry, the trial court found that appellant "drives past petitioner's home and stopped in the roadway in front of home causing petitioner to fear for her safety and that of her son." These facts were sufficient to establish the elements of menacing by stalking by a preponderance of the evidence. Appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.